GREENBERG TRAURIG, LLP
PHILIP R. SELLINGER (SBN 226468)
E-Mail: SellingerP@gtlaw.com
GREGORY A. NYLEN (SBN 151129)
E-Mail: NylenG@gtlaw.com
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Tel: 310-586-7700; Fax: 310-586-7800

GREENBERG TRAURIG, LLP
DAVID JAY (*Admitted Pro Hac Vice*)
E-Mail: JayD@gtlaw.com
TODD L. SCHLEIFSTEIN (*Admitted Pro Hac Vice*)
E-Mail: SchleifsteinT@gtlaw.com
200 Park Avenue
Florham Park, NJ 07932
Tel: 973-360-7900; Fax: 973-301-8410

Attorneys for Defendant
Toshiba America Information Systems, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| THOMAS HARDY, individually and on behalf of a class of similarly situated individuals,<br><br>              Plaintiff,<br><br>       vs.<br><br>TOSHIBA AMERICA INFORMATION SYSTEMS, INC.,<br><br>              Defendant. | CASE NO. CV13-00516 CJC (JPRx)<br><br>CLASS ACTION<br><br>**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY AND INADVERTENT DISCLOSURE**<br><br>Judge: Cormac J. Carney<br><br>Date Filed: April 1, 2013 |

WHEREAS, the parties anticipate that, through discovery, they may seek to obtain documents and information that may be of a confidential nature within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure;

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for the parties, as follows.

1. **Definitions**. The following words and phrases have the following meanings for the purposes of this Order.

   a. "Producer" means a party or non-party who or which produces the following documents or material (collectively, "Documents," or individually, a "Document") in connection with this action.

      i. Documents or physical evidence produced in response to document requests, interrogatories, requests for admissions, notices of inspection, or subpoenas;

      ii. Responses to document requests, interrogatories and requests for admission; or

      iii. Deposition transcripts, including exhibits thereto.

   b. "Confidential Material" means Documents and information containing confidential research, development, or commercial information within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. If a party learns at any time that a Document containing his or its sensitive or proprietary information exists in the other party's files and has not previously been designated as Confidential Material, the party shall be entitled to do so pursuant to paragraph 15 below.

   c. "Highly Confidential Material" means Documents and information containing highly sensitive business and technical information related to

      i. Current trade secrets;

      ii. Current confidential technical information; or

     iii. Highly sensitive information that is of current significance, including without limitation, (a) strategic, product or price planning; (b) competitively sensitive business decisions or negotiations; (c) competitively sensitive marketing studies, distribution, pricing, cost, sales, and marketing information; (d) financial, budgeting or accounting information; (e) current or sensitive design documents and specifications; and (f) other current competitively sensitive information, the current disclosure of which to a competitor would be detrimental to the party providing the Documents or information, that either party to this action so designates.

  d. "Designator" means a party to this action which or who designates documents as Confidential Material or Highly Confidential Material.

2. **<u>Limitation on Use of Confidential and Highly Confidential Material</u>**

  a. All Confidential Material produced in this litigation shall be used by the parties and their respective counsel solely for the purpose of this litigation and for no other purpose, including without limitation, any future actions to be brought by Plaintiff or any non-party, and shall not at any time be shared with non-parties to this action (except as provided for in paragraph 8), including without limitation, counsel who are not counsel of record for the parties to this action.  Moreover, upon written request of the Producer, all Confidential Material shall be returned or destroyed at the conclusion of the litigation, notwithstanding the existence of any pending or prospective dispute as to the confidentiality of the underlying information contained in the Confidential Material, pursuant to paragraph 13 below.

  b. All Highly Confidential Material produced in this litigation shall be used by counsel of record to the Parties in this action, solely for the purpose of this litigation and for no other purpose, including without limitation, any future actions to be brought by Plaintiff or any non-party, and shall not at any time be shared with the parties or with any other individual or entity not entitled to have access to

the Highly Confidential Material under the terms of this Order.  Moreover, upon written request of the Producer, all Highly Confidential Material shall be returned or destroyed at the conclusion of the litigation, notwithstanding the existence of any pending or prospective dispute as to the confidentiality of the underlying information contained in the Highly Confidential Material, pursuant to paragraph 13 below.

3. **Designation of Confidential and Highly Confidential Material – Documents.**  Designation of Documents as Confidential Material or Highly Confidential Material shall be made by placing the legend "**CONFIDENTIAL**" (the "Confidential Legend") or **"HIGHLY CONFIDENTIAL"** (the "Highly Confidential Legend") on the face of the Document and on each page so designated or by otherwise designating a category or group of Documents in clear and unambiguous language to this effect in a letter to the other party or in a similar writing.  Any Document stamped, designated or otherwise marked in such a manner will be subject to the terms of this Order.

4. **Designation of Confidential and Highly Confidential Material – Discovery Responses.**  Designation of written responses to interrogatories, requests for production of documents, requests for admissions, or similar written discovery requests, and the information contained therein, as Confidential Material or Highly Confidential Material shall be made by placing the Confidential Legend or the Highly Confidential Legend on each page of any response containing information so designated before service of the response on the other party.

5. **Designation of Confidential Material – Deposition Testimony and Exhibits.**  A party may designate deposition testimony, including exhibits, as Confidential Material, pursuant to the following terms and conditions.

   a. Designation of deposition testimony, including exhibits, as Confidential Material shall be made by service of a letter to this effect on the other party (a "Designation Letter").  The Designation Letter shall be served within 14 days of the designee's receipt of the transcript, and shall specify the testimony that

is deemed to be confidential by page and line designation, or the exhibit that is to be deemed confidential by the name and number assigned to such exhibit by the party taking the deposition.

      b.    At the time of receipt of a Designation Letter, both parties shall place the Confidential Legend at the top of each page of each deposition transcript and exhibit designated as Confidential Material, as well as each photocopy thereof.

6.    **Designation of Highly Confidential Material – Deposition Testimony and Exhibits.**  A party may designate deposition testimony, including exhibits, as Highly Confidential Material, pursuant to the following terms and conditions.

      a.    The parties agree to waive any right that they themselves, but not their outside counsel, be present during that part of a deposition when it is anticipated or represented that Highly Confidential information of an adverse party will be disclosed.  Only persons authorized to receive Highly Confidential information under the terms of this Order may attend the portions of the depositions pertaining to such Highly Confidential information.

      b.    Counsel for a deponent may designate testimony at a deposition as Highly Confidential during the course of any deposition.  Such designation may be made in response to a question or before any responsive testimony being given, or after testimony has been given.  If such a designation is made before the testimony being given, any person not authorized to receive Highly Confidential information under the terms of this Order shall be excluded from the deposition until testimony regarding Highly Confidential Material has been concluded.  The portions of the deposition transcript pertaining to Highly Confidential Material shall be bound separately with a cover bearing the legend "CONTAINS HIGHLY CONFIDENTIAL INFORMATION" and shall not be shown to any person not authorized by the terms of this Order, without prior order of the Court.  The restrictions of this subparagraph apply to videotaped depositions, and

videocassettes, CDs, DVDs, or other video containers and shall be labeled in accordance with the provisions of this subparagraph.

    c.    If either party objects to the designation of testimony as Highly Confidential, the objection may be noted for the record, but persons not authorized by this Order to receive Highly Confidential Material shall nevertheless be excluded from the deposition until testimony regarding such matters has been concluded. After the deposition, the objecting party may contest the designation before the Court, consistent with the procedure set forth in paragraph 7 below.

7.    **Procedure for Raising Disputes as to Confidentiality**. A party who or which disagrees with the designation of any materials as Confidential or Highly Confidential (the "Objecting Party") shall notify the Designator in writing of his or its objection. If the Designator does not withdraw the designation of confidentiality, the Objecting Party shall move for relief from the Court pursuant to Local Rule 37 within 30 days after receipt of written notice from the Designator confirming the Confidential or Highly Confidential designation of the material. The Designating Party shall bear the burden of proof to support its designation of confidentiality in opposing any such motion.

8.    **Permissible Disclosure of Confidential Material.** Confidential Material subject to this Order shall be used solely for the purpose of conducting this action and any appeals thereof, or for purposes otherwise identified herein. All Confidential Material subject to this Order shall be kept in a confidential manner and may be disclosed only to the extent necessary for the purpose of conducting this litigation, and only to and among the following persons.

    a.    The parties, and the attorneys for any party in this action, including without limitation, their respective partners, of counsel, associates, paralegals, and other employees;

    b.    Any current director, officer, employee (including in-house counsel), or agent of a party who is assigned by such party to work on this action, including anyone responsible for the supervision of this action;

  c. Any person not employed by a party or retained by a party or his or its counsel from whom testimony is taken or may be taken in this action, except that such person may see and retain copies of Confidential Material only during his or her testimony, in preparation therefor, or in discussions of possible testimony, and may not thereafter retain copies of any Confidential Material;

  d. Any person not employed by a party who is expressly retained by the party or his or its counsel to assist in preparation of this action, including expert witnesses and consultants, and their respective employees and support staff;

  e. The Court and all other Court personnel involved in the adjudicative process;

  f. Court reporters; and

  g. Commercial document services employed for copying, imaging, scanning, document handling, document storage, or related litigation support functions in connection with this case.

9. **<u>Permissible Disclosure of Highly Confidential Material.</u>**  Highly Confidential Material subject to this Order shall be used solely for the purpose of conducting this action and any appeals thereof.  All Highly Confidential Material subject to this Order shall be kept in a confidential manner and may be disclosed only to the extent necessary for the purpose of conducting this litigation, and only to and among the following persons.

  a. The attorneys of record and in-house counsel for the parties, and their respective partners, of counsel, associates, paralegals, and other employees;

  b. The Parties' retained experts (including the secretarial and clerical staffs of such experts), provided that such experts agree in writing to be bound by the terms of this Order, as set forth in paragraph 11 below and Exhibit A;

  c. Current employees of a party who prepared the Documents or information, or to whom copies thereof were addressed or delivered;

      d.      The Court and all other Court personnel involved in the adjudicative process;

      e.      Court reporters; and

      f.      Commercial document services employed for copying, imaging, scanning, document handling, document storage, or related litigation support functions in connection with this case.

10. **Limitation on Disclosure of Confidential and Highly Confidential Material.**  Without limitation of paragraphs 8 and 9 above, Confidential Material and Highly Confidential Material shall not, without the express prior written consent of the Designator of the Confidential Material or Highly Confidential Material, or an order of this Court after notice to the Designator, be disclosed to any person other than listed in paragraphs 8 or 9 above, as appropriate.

11. **Use of Consent Agreement**.  Before disclosing Confidential Material to a person identified in subparagraphs 8(c) or 8(d) above, or before disclosing Highly Confidential Material to a person identified in subparagraph 9(b) above, such person shall be required to sign a written certification ("Consent Agreement") that he or she is familiar with the terms and conditions of this Order and consents to be bound thereby.  A form of such Consent Agreement is attached as Exhibit A.  A copy of each Consent Agreement so obtained shall be retained by the party that discloses Confidential Material or Highly Confidential Material and shall be produced upon good cause shown by the Designator.

12. **Protective Order Motions**.  Nothing herein shall be construed so as to limit the right of a party to seek a protective order pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure to prevent the disclosure of any Document or category of Documents.

13. **Return or Destruction of Confidential and Highly Confidential Material.**  Within 180 days after conclusion of this action, whether by voluntary or involuntary dismissal, final judgment, exhaustion of the appellate process, or settlement,

counsel of record employed by a party to this action shall, upon written request of the Producer, return to the Producer Documents produced in this action, including without limitation, all Confidential Material and Highly Confidential Material within the scope of this Order, or destroy all such Confidential Material and Highly Confidential Material, and provide the Producer with an affidavit or other sworn statement to that effect.

14. **Use of Confidential and Highly Confidential Material in Filings with Court.**  The parties may offer any Confidential Material or Highly Confidential Material in connection with motions or briefs, at hearings, or at trial in this action.  Pursuant to Local Rule 79-5.1, any Confidential Material or Highly Confidential Material submitted to, presented to or filed with the Court before trial shall be filed under seal by the party making the submission and shall not be made available to persons other than as authorized by this Order and Local Rule 79-5.2, unless the Court so orders.

15. **Inadvertent Production of Confidential or Highly Confidential Material.**  If a Producer inadvertently produces Confidential Material or Highly Confidential Material without designating it as such pursuant to paragraph 3 above, or if a party learns that the other party possesses Documents that contain his or its sensitive or proprietary information, the party may still designate such material as Confidential Material or Highly Confidential Material as follows:

   a. Within 30 days of the discovery of its failure to designate, the Producer/Designator must give written notice to the party who received copies of the produced Documents that the Producer/Designator claims, in whole or in part, to be Confidential Material or Highly Confidential Material.

   b. Upon receipt of such notice, the party who has received copies of the produced Documents shall promptly place the Confidential Legend or the Highly Confidential Legend on the Documents designated as Confidential Material or Highly Confidential Material and shall so represent in writing to the Producer/Designator.

      c.    The Producer/Designator shall bear the cost of placing the Confidential Legend or the Highly Confidential Legend on all such inadvertently produced Documents.

16.    **Producer's Right to Publication.**  This Order shall not restrict the right of any person to publish, disseminate or otherwise release any Document that he or it produced or designated.

17.    **No Subject Matter Waiver of Confidentiality by Failure to Designate**.  A party's failure to designate a Document as Confidential Material or Highly Confidential Material hereunder shall not constitute a waiver of such party's assertion of confidentiality with respect to any other Document or category of Documents.

18.    **No Subject Matter Waiver of Privilege.**  If a party inadvertently produces Documents which are or may be protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable evidentiary or common law privilege, any subsequent finding of waiver respecting the disclosure of such Documents shall be deemed a limited waiver as to such Documents only, and for purposes of this litigation only.  The production of any such Documents shall not constitute any waiver of privilege respecting any other Documents or for any other purpose.

19.    **Inadvertent Production of Privileged Material.**  If a party produces Documents which it considers to be privileged, in whole or in part, he or it may seek to retrieve such Documents or parts thereof as follows:

      a.    Within 30 days of the Producer's discovery of such a disclosure, the Producer shall give written notice claiming privilege to the other party.  Immediately upon receipt of such notice, the Documents shall be treated as privileged by each recipient thereof and all reasonable steps shall be undertaken by such receiving persons to safeguard such Documents, including, where applicable, the immediate retrieval of such Documents from all non-parties to whom or which they have been disclosed, until such time as the assertion of privilege is resolved in accordance with the terms of this Order.

b.     Unless within 20 days of the provision of the notice in subparagraph (a) above, the disclosed Documents and all copies thereof are returned to the Producer, or an affidavit or other sworn statement is furnished to the Producer attesting to the fact that the privileged Documents and all copies thereof have been destroyed, then the Producer may move for an appropriate protective order.  The other party may oppose such a motion on any ground not contrary to the express terms of this Order.  The failure of the Producer to provide notice pursuant to subparagraph (a) above, or to move for a protective order pursuant to this subparagraph, shall constitute a limited waiver of any claim of privilege solely with respect to the particular Documents themselves.

c.     If a separate protective order is entered by the Court, and no timely appeal is taken from such order (or an appeal is taken but proves unsuccessful and no further right of appeal is available), then within 30 days of the exhaustion of any right to appeal such order, each recipient of the privileged Documents shall either return the privileged Documents and all copies thereof to the Producer, or furnish an affidavit or other sworn statement attesting to the fact that the privileged Documents and all copies thereof have been destroyed.  In the case of deposition transcripts, an affidavit or other sworn statement stating that the privileged portions of the testimony have been redacted will suffice.

20.    **Parties' Agreement to Designate Material as Confidential or Highly Confidential.**  Notwithstanding any other provision of this Order, the parties in this action may, by written agreement at any time, designate any Document as Confidential Material or Highly Confidential Material subject to the protections herein.

21.    **Survival and Continuing Jurisdiction.**  This Order and each of its respective terms and conditions shall survive the termination of this action, whether by voluntary or involuntary dismissal, final judgment, exhaustion of the appellate process, or settlement, and shall continue in full force and effect thereafter.  The Court will retain jurisdiction after the termination of this action to enforce the terms of this Order.  Either

Case 8:13-cv-00516-CJC-JPR Document 35 Filed 01/28/14 Page 12 of 14 Page ID #:243

party may, upon written notice to the other party, move for an order modifying, amending or dissolving the terms of this Order.

22. **Notice of Breach and Opportunity to Cure.** Notwithstanding any contrary provision herein, a party claiming breach of this Order shall have the burden to serve written notice of such breach on counsel of record for the other party. Such notice shall specifically identify the Confidential Material or Highly Confidential Material with respect to which a breach of this Order is alleged to have occurred, and shall provide said party a reasonable period of not less than 30 days following the date of service of such notice in which to cure the breach. A party claiming breach of this Order may seek from the Court, after affording such notice and opportunity for cure, a temporary restraining order or preliminary injunction, to the extent necessary to prevent him or it from suffering irreparable harm.

Dated: January 13, 2014         GREENBERG TRAURIG, LLP

                                By:  /S/ Gregory A. Nylen
                                     Gregory A. Nylen
                                Attorneys for Defendant Toshiba America
                                Information Systems, Inc.

Dated: January 13, 2014         CADDELL & CHAPMAN

                                By:  /S/ Cory S. Fein
                                     Cory S. Fein
                                Attorneys for Plaintiff

DATED: January 28, 2014         _____
                                     JEAN P. ROSENBLUTH
                                     United States Magistrate Judge

# EXHIBIT A

GREENBERG TRAURIG, LLP
PHILIP R. SELLINGER (SBN 226468)
E-Mail: SellingerP@gtlaw.com
GREGORY A. NYLEN (SBN 151129)
E-Mail: NylenG@gtlaw.com
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Tel: 310-586-7700; Fax:  310-586-7800

GREENBERG TRAURIG, LLP
DAVID JAY (*Admitted Pro Hac Vice*)
E-Mail: JayD@gtlaw.com
TODD L. SCHLEIFSTEIN (*Admitted Pro Hac Vice*)
E-Mail: SchleifsteinT@gtlaw.com
200 Park Avenue
Florham Park, NJ 07932
Tel: 973-360-7900; Fax: 973-301-8410

Attorneys for Defendant
Toshiba America Information Systems, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| THOMAS HARDY, individually and on behalf of a class of similarly situated individuals,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>TOSHIBA AMERICA INFORMATION SYSTEMS, INC.,<br><br>　　　　Defendant. | CASE NO. CV13-00516 CJC (JPRx)<br><br>CLASS ACTION<br><br>**CONSENT AGREEMENT**<br><br>Judge:  Cormac J. Carney<br><br>Date Filed:  April 1, 2013 |

　　　　I, the undersigned, have read and understand the terms and conditions of the Stipulation and Protective Order Regarding Confidentiality and Inadvertent Disclosure

1

*NJ 227989274v1*

(the "Order") in the above-captioned matter, dated _____, 2014, and I consent to be bound by its terms as follows:

1. I agree that I will disclose and use "Confidential Material," and "Highly Confidential Material" as defined by the Order, only as permitted pursuant to the express terms and conditions thereof, and that I will protect and maintain the confidentiality of any "Documents," as defined by the Order, so designated.

2. I further unconditionally agree to, upon request, return all Confidential Material and Highly Confidential Material to the law firm or person which or who provided such Confidential Material or Highly Confidential Material to me immediately after my use thereof for this litigation ceases.

3. I consent to the personal jurisdiction of the United States District Court for the Central District of California to the limited extent necessary to enforce the terms and conditions of the Order.

Signature: _____

Print Name: _____

Date: _____

NJ 227989274v1